```
1  James B. Hicks, SBN 109117
   Kiran Singh, SBN 252467
2  Hicks | Park LLP
   824 Wilshire Blvd., Suite 300
3  Los Angeles, CA 90017
   Tel: 213-612-0007 / Fax: 213-612-0373
4
5  Attorneys for Plaintiff
   5Net4 Productions LLC
```

FILED
11 MAR 30 AM 10: 04
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY:_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 5NET4 PRODUCTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>TERRILYN MESECK, an individual, both individually and dba "MOBILITIES EXPO"; MOBILITIES EXPO, a business entity of unknown form; and DOES 1-10 inclusive,<br><br>Defendants. | Case No. CV11 02663 RGK (CWx)<br><br>COMPLAINT FOR<br><br>1. TRADEMARK DILUTION;<br>2. TRADEMARK INFRINGMENT;<br>3. BREACH OF CONTRACT;<br>4. MISAPPROPRIATION OF TRADE SECRETS;<br>5. UNFAIR COMPETITION;<br>6. IMPOSITION OF A CONSTRUCTIVE TRUST; AND<br>7. AN ACCOUNTING.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff 5Net4 Productions LLC ("5Net4") alleges as follows:

1.  5Net4 produces the Abilities Expo, which for over 30 years has been the nation's leading event to showcase products and services to the over 54 million Americans living with a disability and their healthcare providers. It worked with a contractor named Terrilyn Meseck, who publicized Abilities Expo events across the country, and who contractually agreed to protect its trade secrets and other confidential information, including confidential customer information. Despite her agreement, Ms. Meseck has started her own business under the infringing name "Mobilities Expo", and is misusing 5Net4's trade secrets and confidential information to unfairly compete with 5Net4. 5Net4 thus has no choice but to bring suit.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff 5Net4 is a limited liability company formed under the laws of the State of California, with its principal place of business in Santa Monica, California.

3. 5Net4 is informed and believes and thereon alleges that defendant Terrilyn Meseck ("Meseck") is an individual doing business under the name "Mobilities Expo", and that defendant Mobilities Expo is a business entity of unknown form. 5Net4 is further informed and believes that although Meseck is based in Irvine, California, she is advertising her "Mobilities Expo" and engaging in the wrongful conduct described below on a national basis, including through the interactive website "www.mobilitiesexpo.com", including within this judicial district.

4. 5Net4 is unaware of the true names and capacities of the defendants named as Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. It will seek leave of Court to amend this complaint to set forth the true names and capacities of such defendants when they are ascertained. 5Net4 is informed and believes and thereon alleges that each of the Does is in some way responsible for the acts and occurrences alleged below, whether such acts and such occurrences were committed intentionally, recklessly, or otherwise, and that each Doe is liable to 5Net4 for the damages suffered by it.

5. 5Net4 is informed and believes and on that basis alleges that each defendant is now, and at all relevant times was, the agent, employee, or servant of each other defendant, and in doing the things alleged herein, was acting within the course and scope of such employment, agency, servitude or related relationship.

6. This Court has federal question jurisdiction over 5Net4's claims for trademark infringement and related claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1331 and 1338(a), and under *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406 (9th Cir. 1977); and the Court has supplemental jurisdiction over

the unfair competition aspects of 5Net4's state law claims pursuant to 28 U.S.C. §1338(b), and over all of 5Net4's state law claims pursuant to 28 U.S.C. §1367(a), because these claims are so related to 5Net4's federal law claim that they form part of the same case or controversy and derive from a common nucleus of operative fact.

7. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events and omissions giving rise to the claims alleged below occurred within this judicial district.

## GENERAL ALLEGATIONS

8. Billions of dollars are spent annually in the disabilities marketplace. This number is certain to increase as the current population ages, and current estimates indicate that the number of Americans living with a disability is more than 54 million.

9. Each day presents new challenges for this unique population. As a result, demand is steadily increasing for new products, services and technologies to improve their quality of life.

10. For over 30 years, 5Net4's Abilities Expo has been the one show dedicated to educating and improving the lives of Americans with disabilities, senior citizens, families, caregivers, healthcare professionals and professional therapists.

11. Abilities Expo has also been the nation's foremost event for companies to demonstrate their products and services to the largest community of end-users and industry professionals. It is the nation's leading event for manufacturers, distributors and service providers to showcase products and services directly to end-users and professional healthcare providers. Abilities Expo provides a unique opportunity for advertisers and participants to engage the end-user and solicit valuable feedback, allowing them to understand first-hand how consumers utilize their products and services, and the advantages or disadvantages that consumers

perceive. Among other things, it provides an extended focus group for advertisers and participants with their most important customers.

12.   5Net4 spends extensive time and substantial monies identifying and maintaining key customer relationships. It has developed and maintained valuable relationships and substantial goodwill with its customers, and 5Net4's business information, customer relationships and goodwill are of paramount significance to its business reputation and its success, along with its recognized trademark Abilities Expo.

13.   On or about December 1, 2008, 5Net4 and defendant Meseck entered a written contract, pursuant to which she publicized Abilities Expo events across the country (the "Independent Contractor Agreement"). In that written contract, Meseck contractually agreed to protect 5Net4's trade secrets and other confidential information, including its confidential customer information.

14.   For example, under the "Confidential, Proprietary and Privileged Information" provision of the Independent Contractor Agreement, Meseck agreed she would not take, use or misappropriate such information (including computer databases, client lists, prospect lists, name files, books, records, computer data or printouts, or any other confidential information that 5Net4 allowed her to use during the term of the Agreement) for her own use or that of any third party.

15.   Meseck further agreed in the Independent Contractor Agreement that she would not divulge any information that is not available to the public to any third party without the express written permission of 5Net4 either during or for a period of one year after the expiration of the Agreement.

16.   Similarly, Meseck agreed in the "Protection of Business Assets" provision of the Independent Contractor Agreement that she would not divert prospects, customers or businesses away from 5Net4 to any company that directly or indirectly competes with 5Net4 for a period of one year after the expiration of the Agreement.

17. 5Net4 is informed and believes, and therefore alleges that within the past year, during which the Independent Contractor Agreement expired, Meseck and the other defendants have taken, used and/or misappropriated 5Net4's confidential, proprietary and privileged information as defined by the Agreement, including without limitation its confidential customer information which is not available to the public; and she has divulged such information to third parties including the other defendants, for her own and their use; and she has used such confidential information to divert prospects, customers and/or businesses away from 5Net4 to her company Mobilities Expo, without 5Net4's permission and in violation of her contractual obligations.

18. 5Net4 is further informed and believes, and therefore alleges that Meseck and the other defendants have used the infringing name "Mobilities Expo" in commerce, including on their website "www.mobilitiesexpo.com", in willful and deliberate infringement of 5Net4's registered trademark and in violation of 15 U.S.C. §1114.

19. Prior to filing this lawsuit, 5Net4 asked defendants to stop their breaching conduct, but defendants have refused to do so. 5Net4 therefore has no choice but to file this lawsuit.

**First Claim**

**[Trademark Dilution – 15 U.S.C. §1125(c) and Bus. & Prof. Code §14330]**

**Against All Defendants**

20. 5Net4 realleges and incorporates by this reference paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. 5Net4 and its predecessors have marketed, advertised, and promoted shows under its trademark "Abilities Expo" and in connection with the website www.abilitiesexpo.com, and as a result of such marketing, advertising, and promotion, the trademark "Abilities Expo" has come to mean and is understood to

signify 5Net4's shows, and is the means by which such shows are distinguished from those of others in the same and in related fields.

22. Because of the long, continuous, and exclusive use of such trademark, 5Net4's registered mark "Abilities Expo" has acquired a secondary meaning associated by customers and the public with its shows.

23. 5Net4 is informed and believes, and on that basis alleges, that defendants' activities, including advertising the "Mobilities Expo" name and maintaining and operating the domain name www.mobilitiesexpo.com, are interfering with 5Net4's business.

24. Defendants' activities constitute willful and deliberate dilution of 5Net4's registered trademark "Abilities Expo" in violation of the Federal Trademark Dilution Act, 15 U.S.C. §1125(c), and the California Anti-Dilution Statute, Bus. & Prof. Code §14330.

25. As a result of the foregoing, 5Net4 has been damaged in an amount that will be ascertained according to proof, but is not less than $250,000.

26. The activities of defendants have caused and will cause irreparable harm to 5Net4 for which it has no adequate remedy at law, in that (a) if defendants' wrongful conduct continues, they will continue to dilute 5Net4's registered trademark; (b) 5Net4's trademark is a unique and valuable property which has no readily determinable market value; (c) the dilution by defendants constitutes an interference with 5Net4's goodwill and customer relationships; and (d) defendants' wrongful conduct, and the damages resulting to 5Net4, are continuing. Thus, 5Net4 is entitled to injunctive relief pursuant to 15 U.S.C. §1125 and Bus. & Prof. Code §14330.

27. 5Net4 is also entitled to recover its attorneys' fees and costs of suit, including pursuant to 15 U.S.C. §1125. It is further entitled to an accounting and a declaration that any profits defendants have gained as a result of their infringing activities are the property of 5Net4 as a constructive trust.

## Second Claim

## [Trademark Infringement – 15 U.S.C. §1114]

## Against All Defendants

28. 5Net4 realleges and incorporates by this reference paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29. As more fully alleged above, 5Net4 and its predecessors have marketed, advertised, and promoted its shows under the trademark "Abilities Expo" and in connection with the website www.abilitiesexpo.com, and as a result of such marketing, advertising, and promotion, the trademark "Abilities Expo" has come to mean and is understood to signify 5Net4's shows, and is the means by which such shows are distinguished from those of others in the same and in related fields. Because of the long, continuous, and exclusive use of such trademark, 5Net4's registered trademark "Abilities Expo" has acquired a secondary meaning associated by customers and the public with its product.

30. 5Net4 is informed and believes, and on that basis alleges, that defendants' activities, including advertising the "Mobilities Expo" name and maintaining and operating the domain name www.mobilitiesexpo.com, are interfering with 5Net4's business. Defendants' activities constitute willful and deliberate infringement of 5Net4's registered trademark in violation of 15 U.S.C. §1114.

31. As a result of the foregoing, 5Net4 has been damaged in an amount that will be ascertained according to proof, but not less than $250,000. In addition to 5Net4's actual damages, 5Net4 is entitled to receive defendants' profits pursuant to 15 U.S.C. §1117(a). These actual damages and profits should be enhanced to achieve justice pursuant to 15 U.S.C. §1117(a) and/or trebled pursuant to 15 U.S.C. §1117(b) because defendants' infringement of 5Net4's trademark was knowing, intentional, and/or willful. In the alternative, 5Net4 is entitled to statutory damages pursuant to 15 U.S.C. §1117(c), and these statutory damages

1 should be enhanced in accordance with 15 U.S.C. §1117(c)(2) because defendants'
2 infringement was willful.

3     32. The activities of defendants have caused and will cause irreparable
4 harm to 5Net4 for which it has no adequate remedy at law in that (a) 5Net4's
5 trademark is a unique and valuable property which has no readily determinable
6 market value; (b) the infringement by defendants constitutes an interference with
7 5Net4's goodwill and customer relationships; and (c) defendants' wrongful
8 conduct, and the damages resulting to 5Net4, is continuing. Accordingly, 5Net4 is
9 entitled to injunctive relief pursuant to 15 U.S.C. §1116(a), as well as a declaration
10 that any profits defendants have gained as a result of their infringing activities is
11 the property of 5Net4 as a constructive trust.

12     33. 5Net4 is informed and believes, and on that basis alleges, that
13 defendants have committed the acts alleged above with previous knowledge of
14 5Net4's superior rights to its trademark, and with knowledge of the reputation of
15 5Net4's trademark in interstate commerce.

16     34. 5Net4 is also entitled to recover its attorneys' fees and costs of suit
17 pursuant to 15 U.S.C. §1117. 5Net4 is further entitled to an accounting and a
18 declaration that any profits defendants have gained as a result of their infringing
19 activities is the property of 5Net4 as a constructive trust.

### Third Claim
### [Breach of Contract]
### Against Defendant Terrilyn Meseck

23     35. 5Net4 repeats and incorporates by this reference each and every
24 allegation set forth in paragraphs 1 through 34, inclusive.

25     36. 5Net4's Independent Contractor Agreement is a valid and enforceable
26 contracts. The confidentiality covenants and other provisions contained in such
27 Agreement are reasonably necessary to protect 5Net4's legitimate protectable

interests in trade secrets, confidential information, customer relationships, work force and goodwill.

37. 5Net4 has fully performed all of its obligations under the agreements.

38. Defendant Meseck is breaching or threatens to breach the Independent Contractor Agreement by taking, using and/or misappropriating 5Net4's confidential, proprietary and privileged information as defined by such Agreement, including without limitation 5Net4's confidential customer information which is not available to the public; by divulging such information to third parties including the other defendants, for her own and their use; and by using such confidential information to divert prospects, customers and/or businesses away from 5Net4 to her company Mobilities Expo, without 5Net4's permission.

39. As a result of the foregoing, 5Net4 has been damaged in an amount that will be ascertained according to proof.

40. As a result of any one of these breaches of her Independent Contractor Agreement, 5Net4 has been injured and faces irreparable injury. It is threatened with losing customers, technology, its competitive advantage, its trade secrets and goodwill in amounts which may be impossible to determine, unless Meseck is enjoined and restrained by order of this Court.

### Fourth Claim
### [Misappropriation of Trade Secrets]
### Against All Defendants

41. 5Net4 repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 40, inclusive.

42. At all relevant times, 5Net4 was in possession of confidential trade secret information as defined by Civil Code §3426.1(d). The proprietary business and customer information of 5Net4 constitutes trade secrets because 5Net4 derives independent economic value from that information, such information is not generally known nor readily ascertainable by proper means by other persons who

can obtain economic value from its disclosure or use, and because the information is the subject of reasonable efforts to maintain its secrecy, 5Net4's confidential and proprietary trade secret information described herein is not and was not generally known to its competitors in the industry.

43. 5Net4 is informed and believes and therefore alleges that defendants have actually misappropriated and/or threaten to misappropriate 5Net4's trade secrets without its consent in violation of California Uniform Trade Secrets Act, Civil Code §3426 et seq. Moreover, defendant Meseck is utilizing and disclosing 5Net4's trade secrets and confidential information, so injunctive relief pursuant to Civil Code §3426.2(a) is appropriate.

44. As a result of the foregoing, 5Net4 has been damaged in an amount that will be ascertained according to proof.

45. Defendants have been unjustly enriched and 5Net4 is entitled to all recoverable damages in an amount that will be ascertained according to proof.

46. As a further proximate result of defendants' wrongful conduct and threatened misappropriation, 5Net4 has been injured, irreparably and otherwise, and is threatened with additional and on-going injuries. Because 5Net4's remedy at law is inadequate, 5Net4 seeks temporary, preliminary and permanent injunctive relief. 5Net4 is threatened with losing customers, its competitive advantage, its trade secrets and goodwill in amounts which may be impossible to determine, unless defendants are enjoined and restrained by order of this Court.

47. Defendants will be unjustly enriched by the threatened misappropriation of 5Net4's trade secrets and confidential information, and unless restrained, will continue to threaten to use, actually used, divulge, threaten to disclose, acquire and/or otherwise misappropriate 5Net4's trade secrets and confidential information.

48. Upon information and belief, defendants' threatened misappropriation has been willful and malicious in light of defendant Meseck's execution of the

1  Independent Contractor Agreement prohibiting her current conduct and her
2  deliberate violation of her contractual obligations. Therefore, 5Net4 is entitled to
3  an award of punitive or treble damages and attorney's fees pursuant to CCP
4  §§3426.3(c) and 3426.4.

## Fifth Claim

## [Unfair Competition]

## Against All Defendants

49. 5Net4 repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 48, inclusive.

50. Defendants' conduct constitutes unfair competition under California law.

51. As a result of the foregoing, 5Net4 has been damaged in an amount that will be ascertained according to proof, but not less than $250,000; plus exemplary damages against each defendant in a sum sufficient to punish it and to make an example for others, but not less than $1,250,000 apiece against each defendant.

## Sixth Claim

## [Imposition Of A Constructive Trust Upon Illegal Profits]

## Against All Defendants

52. 5Net4 repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 51, inclusive.

53. Defendants' conduct constitutes deceptive, fraudulent and wrongful conduct, and 5Net4 is informed and believes that by virtue of their wrongful conduct, defendants have illegally received money and profits that rightfully belong to 5Net4.

54. Upon information and belief, defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

55. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of 5Net4.

### Seventh Claim
### [Accounting]
### Against All Defendants

56. 5Net4 repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 55, inclusive.

57. 5Net4 is entitled to recover any and all profits of defendants that are attributable to their acts of infringement and other wrongful conduct.

58. 5Net4 is further entitled to awards of damages sustained by virtue of defendants' acts of infringement and other wrongful conduct.

59. The amount of money due from defendants to 5Net4 is unknown to 5Net4 and cannot be ascertained without a detailed accounting by defendants of their wrongful profits.

### **PRAYER**

WHEREFORE, 5Net4 respectfully requests judgment as follows:

(1) That the Court enter judgment against defendants that they have:

(a) willfully diluted 5Net4's rights in the registered trademark Abilities Expo under 15 U.S.C. §1125 and California Bus. & Prof. Code §14330;

(b) willfully infringed 5Net4's rights in the registered trademark Abilities Expo under 15 U.S.C. §1114;

(c) committed unfair competition under California law; and

(d) otherwise injured the business reputation and business of 5Net4 by defendants' acts and conduct set forth in this Complaint;

(2) That the Court enter judgment against defendant Meseck that she has breached the Independent Contractor Agreement;

(3) That the Court enter an order, injunction and judgment cancelling or transferring ownership of the www.mobilitiesexpo.com domain name to 5Net4;

(4) That the Court issue further injunctive relief against defendants, and that defendants, and their officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with defendants, be enjoined and restrained from:

    (a) making any infringing use or 5Net4's trademarks;

    (b) maintaining or operating the domain name www.mobilities-expo.com, directing traffic to that website away from 5Net4, or otherwise interfering with 5Net4's business or Abilities Expo trademark;

    (c) engaging in any other activity constituting a dilution or infringement of any of 5Net4's trademarks, or of 5Net4's rights in, or right to use or to exploit such trademarks; and

    (d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above;

(5) That defendants Meseck and Mobilities Expo, along with their respective agents, employers, employees, attorneys and those persons in active concert or participation with them, be enjoined by way of a temporary injunction, preliminary injunction, and permanent injunction as follows:

    (a) from utilizing or disclosing 5Net4's trade secrets and confidential information; and

    (b) requiring such defendants, and both of them, to provide a monthly verified statement of compliance that defendants, and both of them, have not used or disclosed any of 5Net4's trade secrets and confidential information;

(6) That the Court enter an order declaring that defendants hold in trust, as constructive trustees for the benefit of 5Net4, their illegal profits, and requiring

defendants to provide 5Net4 a full and complete accounting of all amounts due and owing to 5Net4 as a result of defendants' illegal activities;

  (7) That the Court order defendants to pay 5Net4's general, special, actual, statutory, and/or punitive damages as follows:

    (a) 5Net4's damages and defendants' profits pursuant to 15 U.S.C. §1125, in a sum not less than $250,000, trebled to $750,000, for defendants' willful dilution of 5Net4's registered trademark;

    (b) 5Net4's damages and defendants' profits pursuant to 15 U.S.C. §1117(a), in a sum not less than $250,000, trebled to $750,000 pursuant to 15 U.S.C. §1117(b); or in the alternative, enhanced statutory damages pursuant to 15 U.S.C. §1117(c)(2), for defendants' willful violation of 5Net4's trademark;

    (b) 5Net4's damages in a sum not less than $250,000, plus exemplary damages against each of the defendants in a sum sufficient to punish them and to make an example for others, but not less than $1,250,000 apiece against each defendant;

  (8) That the Court enter an Order that defendants hold their illegal profits as constructive trustees for the benefit of 5Net4, and requiring defendants to provide 5Net4 with a full and complete accounting of all amounts due and owing to 5Net4 as a result of defendants' illegal activities;

  (9) That the Court order defendants' assets to be frozen before judgment in order to protect 5Net4's right to recover defendants' profits and damages;

  (10) That the Court order defendants to pay to 5Net4 both the costs of this action, and the reasonable attorneys' fees incurred by it in prosecuting this action;

  (11) That the Court enter an order finding that defendants' conduct was both willful and fraudulent, and that the monetary aspects of its judgment are not dischargeable in bankruptcy; and

(12)  That the Court grant 5Net4 such other and additional relief as is just and proper.

**DEMAND FOR JURY TRIAL**

5Net4 hereby demands a trial by jury on all claims so triable at law.

Dated: March 28, 2011

HICKS PARK LLP

By: _____
JAMES B. HICKS
Attorneys for Plaintiff
5Net4Productions LLC

- 15 -
**COMPLAINT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

**CV11- 2663 RGK (CWx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

| Name & Address: | |
|---|---|
| James B. Hicks, SBN 109117 <br> Hicks \| Park LLP <br> 824 Wilshire Blvd., Ste. 300 <br> Los Angeles, CA 90017 <br> P: (213) 612-0007 / F: (213) 612-0373 | |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| 5NET4 PRODUCTIONS LLC, <br><br> PLAINTIFF(S) <br> v. <br><br> TERRILYN MESECK, an individual, both individually and dba "MOBILITYIES EXPO"; MOBILIITES EXPO, a business entity of unknown form; and DOES 1-10 INCLUSIVE, <br> DEFENDANT(S). | CASE NUMBER <br><br> **CV11 02663 RGK (CWx)** <br><br> SUMMONS |
|---|---|

TO:   DEFENDANT(S): TERRILYN MESECK an individual and dba MOTIBILITIES EXPO; MOBILITIES EXPO, a business entity of unknown form

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _James B. Hicks_____, whose address is _Hicks Park LLP, 824 Wilshire Blvd., Ste. 300, Los Angeles, CA 90017_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Dated: __MAR 3 0 2011__

Clerk, U.S. District Court

By: __CHRISTOPHER POWERS__
Deputy Clerk

(Seal of the Court)  1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
5NET4 PRODUCTIONS LLC

**DEFENDANTS**
TERRILYN MESECK, dba MOBILITIES EXPO and MOBILITIES EXPO

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
James B. Hicks, SBN 109117
HICKS | PARK LLP
824 Wilshire Blvd., Ste. 300, Los Angeles, CA 90017

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT:** $ 2,250,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Section 1117(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☒ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

**FOR OFFICE USE ONLY:** Case Number: CV11 02663

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Orange County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____ **Date** March 29, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |